# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CLASS 8 TRANSMISSION INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) Civil Action No. 11-009-SLR |

## STIPULATED (PROPOSED) SECOND AMENDED SCHEDULING ORDER

At Wilmington this 16th day of May, 2014, the parties having so stipulated;

WHEREAS, the parties have satisfied their obligations under Fed. R. Civ. P. 26(f) and the court conducted a pretrial scheduling conference on January 15, 2013, pursuant to Fed. R. Div. P. 16 and D. Del. LR 16.2(a) and (b).

WHEREAS, by Order dated October 28, 2013, the court approved the parties Stipulated Amended Scheduling order which modified the discovery schedule and also coordinated this Matter with *Wallach v. Eaton Corp. et al.* No. 10-260-SLR ("*Wallach* Action").

WHEREAS, the parties have attempted in good faith to comply with the deadlines set forth in Stipulated Amended Scheduled order, however because of technical data issues related to electronic data, the parties agree they will need more time to work through these issues.

WHEREAS, the parties have met and conferred on the parameters of an amended schedule, and have agreed to the terms set forth in this stipulation.

IT IS ORDERED that the Scheduling Order is amended as follows:

**1.     Pre-Discovery Disclosures.**

(a)     The parties will exchange by February 25, 2013 the information required by Fed. R. Civ. P. 26(a)(l) and D. Del.LR 16.2.

(b)     On or before February 25, 2013, Defendant Eaton Corporation will produce to all other parties an electronic database containing all hard copy and electronic documents, depositions transcripts, data, interrogatories, expert reports previously produced and sealed pleadings or documents filed in *Meritor v. Eaton,* No. 06-623-SLR (D. Del.) (the "*Meritor* Action"), provided a protective order has been entered in this action.

(c)     On or before February 25, 2013, Plaintiffs will provide copies of all documents or records concerning their purchases of trucks and/or transmissions from any of the defendants during the period October 1, 2002 to the present.

      (d)    On April 15, 2013, Plaintiffs will serve written requests for the production of documents, taking such steps as may be necessary to avoid propounding discovery that is duplicative of discovery and/or document production in the *Meritor* Action. Contemporaneously, the defendants shall serve written requests for the production of documents.

      (e)    On June 25, 2013 at 4:30 pm, the court shall conduct a coordinated in-person discovery status conference to address any issues concerning the scope of discovery to be undertaken, the time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the court.

**2.    Discovery.**

  A. <u>Coordination</u>

      (a)    In the interest of judicial economy and efficiency, the parties agree to make best efforts to coordinate all discovery in *Wallach v. Eaton, et al.*, No. 10-260-SLR (the "*Wallach* Action") and *Avenarius v. Eaton, et al.*, No. 11-009-SLR.

      (b)    Protective Orders shall be entered in the *Wallach* and *Avenarius* Actions. The parties shall use their respective best efforts to secure agreement from the *Avenarius* plaintiffs' counsel that the same protective order be entered in both actions.

      (c)    Counsel for Plaintiffs in the *Wallach* and *Avenarius* Actions shall make best efforts to avoid duplicative document requests, interrogatories, requests for admission and requests for documents.

      (d)    Counsel for Defendants shall make best efforts to coordinate discovery in the *Wallach* and *Avenarius* Actions, and to avoid duplicative document requests, interrogatories, requests for admission and requests for documents.

      (e)    Depositions noticed by counsel in the *Wallach* Action shall be deemed to have been noticed in the *Avenarius* Action and vice versa. Depositions will be deemed taken in either action and may be used in either action, subject to and in accordance with the terms of the Protective Order.

      (f)    Counsel for Plaintiffs in the *Wallach* and *Avenarius* Actions shall coordinate with one another in noticing depositions so that all depositions shall be jointly scheduled, noticed and conducted, taking such steps as may be appropriate to limit multiple interrogators and avoid duplicative questions.

      (g)    Counsel for Defendants in the *Wallach* and *Avenarius* Actions shall coordinate with one another in noticing depositions so that all depositions shall be

jointly scheduled, noticed and conducted, taking such steps as may be appropriate to limit multiple interrogators and avoid duplicative questions.

B. <u>Conduct of Discovery</u>

(a) Discovery will be needed on the following subjects: Plaintiffs' liability and damages claims and Defendants' defenses thereto, including any affirmative defenses, and whether either the *Wallach* or *Avenarius* Action is suitable for class adjudication.

(b) All fact discovery shall be commenced, following the completion of the procedures set forth in paragraph 1 hereof, and in time that all fact discovery (including fact depositions) is completed by December 8, 2014.

(1) Maximum of 30 interrogatories by each party to any other party.

(2) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof on the particular issue no later than November 7, 2014, with the responsive answers due on December 8, 2014. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Discovery of paper and electronic documents (hereafter, "ediscovery") shall be completed on or before December 13, 2013. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") shall govern.

(4) The parties shall meet and confer with respect to the number of depositions, deposition limitations and the number of requests for admissions. If the parties cannot reach agreement on this issue on or before January 8, 2014, the court will address depositions and deposition limitations at an in-person conference on January 13, 2014 at 4:30 p.m. Notwithstanding, the aforementioned, if there is no decision from the court by January 15, 2014, the parties may proceed to take depositions within the limits provided by Rule 30 of the Federal rules of Civil Procedure, until such time as the court issues a ruling on depositions, or deposition limitations.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) with respect to document production issues) shall take place prior to the completion of document production. Depositions noticed under Fed. R. Civ. P. 30(b)(6) with respect to document production issues may be taken at any time prior to the close of fact discovery. The parties may begin scheduling other depositions within the limits provided by Rule 30 of the Federal Rules of Civil Procedure at any time, but the depositions may not take place until after January 15, 2014.

(c)  Expert discovery shall be commenced in time to be completed by July 17, 2015.

(1)  Plaintiffs' expert reports in support of class certification are due by September 4, 2014. All Plaintiffs' experts shall be made available for deposition within 30 days of the issuance of their reports. Defendants' expert reports shall be due on November 7, 2014. Defendants' experts shall be made available for deposition within 30 days of the issuance of their reports. Rebuttal reports shall be due by January 9, 2015. Rebuttal reports shall only address issues raised in the opposing reports. Any portion of the rebuttal report that addresses or raises issues that are not the subject of the opposing report are subject to being stricken. Experts proffering rebuttal reports shall be made available for deposition within 30 days of the issuance of their reports.

(2)  Expert reports on merits issues for which a party has the burden of proof are due by March 27, 2015. All such experts shall be made available for deposition by April 17, 2015. Opposing expert reports shall be due on May 22, 2015. Opposing experts shall be made available for deposition by June 12, 2015. Rebuttal reports are due July 2, 2015. Rebuttal reports shall only address issues raised in the opposing report. Any portion of the rebuttal report that addresses or raises issues that are not the subject of the opposing report are subject to being stricken. Experts proffering rebuttal reports shall be made available for deposition by not later than July 17, 2015.

(3)  Expert depositions to be limited to a single day and a maximum of 10 hours unless extended by agreement of the parties.

(4)  All *Daubert* motions shall be filed no later than 45 days after the close of expert discovery.

(d)  Supplementations under Rule 26(e) due no later than July 24, 2015.

(e)  **Discovery Disputes**.

(1)  The parties request the court conduct an in-person coordinated discovery status conference for the *Wallach* and *Avenarius* Actions on July 29, 2014 at 4:30 PM, the time at each conference to be allotted equally among the parties. **No motions to compel or for protective order shall be filed absent prior approval of the court.**

(2)  The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(f)  **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial that has not been deposed. Within one (1) month of receipt of such list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial

that has not been deposed. The parties shall have the right to depose any such witnesses. Such deposition shall be held within one (1) month after service of the list of undeposed rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

**3. Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and/or amend the pleadings in the Wallach Action shall be filed on or before February 1, 2014. All parties reserve the right to seek document discovery from any party added after the document production cut-off.

**4. Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

**5. Summary Judgment.**

(a) All summary judgment motions and opening briefs shall be served and filed no later than July 17, 2015. Parties shall submit a letter request to the Court should they seek to file motions for summary judgment or other dispositive motions prior to that date.

(b) Answering briefs shall be due on September 16, 2015.

(c) Reply briefs shall be due on October 13, 2015.

(d) Where cross-motions on summary judgment are presented, a surreply brief will be permitted, to be filed 15 days from the filing of the reply brief.

(e) A hearing on the motion(s) for summary judgment will be held on November 10, 2015 at 3:30 PM.

**6. Class Certification**

(a) All motions for class certification, including briefs and expert reports, shall be served and filed no later September 4, 2014.

(b) Answering briefs and expert reports shall be due no later than November 7, 2014.

(c) Reply briefs and expert reports shall be due no later than January 9, 2015.

(d) A hearing on the motion for class certification will be held on February 27, 2015 at 9:30 AM.

**7. Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

      (a)    Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

      (b)    No telephone calls shall be made to chambers.

      (c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

    **8.**    **Motions in Limine.** No motions *in limine* shall be filed without leave of Court. Unless leave is granted, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

    **9.**    **Status Conference Regarding Consolidation and/or Bifurcation.** On June 24, 2015, at 4:30 p.m., the Court will hold a status conference to address the structure of the trial in this case (including the bifurcation of any issues) and whether consolidation with the *Wallach* Action for trial is warranted.

    **10.**    **Pretrial Conference. Subject to the determination of any issues raised pursuant to paragraph 8,** a pretrial conference will be held on December 10, 2015 at 4:30 PM in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

**11.**    **Trial.** This matter is scheduled for a four week jury trial commencing February 8, 2016, courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases. The timing for these events in the *Wallach* Action shall be separately set.

 

                                                                      _____

                                                                       United States District Judge

| **FOR INDIRECT PURCHASER PLAINTIFFS** | **FOR DEFENDANTS** |
|---|---|
| BIFFERATO LLC | PEPPER HAMILTON LLP |
| /s/ Thomas F. Driscoll III | /s/ M. Duncan Grant |
| Ian Connor Bifferato (#3273) | M. Duncan Grant (#2994) |
| Thomas F. Driscoll III (#4703) | Hercules Plaza, Suite 5100 |
| 800 N. King Street, Plaza Level | 1313 N. Market Street |
| Wilmington, Delaware 19801 | Wilmington, DE 19801 |
| Telephone: (302) 225-7600 | (302) 777-6500 |
| Facsimile: (302) 254-5383 | grantm@pepperlaw.com |
| cbifferato@bifferato.com | |
| tdriscoll@bifferato.com | OF COUNSEL: |
| | Jeremy Heep |
| OF COUNSEL: | Daniel J. Boland |
| | 3000 Two Logan Square |
| GLANCY BINKOW & GOLDBERG LLP | Eighteenth and Arch Streets |
| Brian P. Murray | Philadelphia, PA 19103-2700 |
| Lee Albert | (215) 981-4000 |
| Gregory B. Linkh | heepj@pepperlaw.com |
| 77 Water St., 7th Floor | bolandd@pepperlaw.com |
| New York, NY 10005 | |
| (646) 722-4180 | *Attorneys for Defendants Volvo Trucks North America and Mack Trucks, Inc.* |
| GUNDERSON SHARP LLP | |
| Joseph R. Gunderson | -AND- |
| 21 E. Walnut Street, Suite 300 | |
| Des Moines, IA 50309 | RICHARDS, LAYTON & FINGER, P.A. |
| Telephone: (515) 288-0219 | |
| Facsimile (515) 288-0328 | /s/ Kelly E. Farnan |
| jgunderson@midwest-law.com | Lisa A. Schmidt (#3019) |
| | Kelly E. Farnan (#4395) |
| GUNDERSON SHARP LLP | One Rodney Square, P.O. Box 551 |
| Rex A. Sharp | Wilmington, DE 19899 |
| Barbara C. Frankland | (302) 651-7700 |
| 5301 W. 75th Street | Schmidt@rlf.com |
| Prairie Village, KS 66208 | Farnan@rlf.com |
| Telephone: (913) 901-0500 | |
| Facsimile: (913) 901-0419 | OF COUNSEL: |
| rsharp@midwest-law.com | |
| bfrankland@midwest-law.com | KIRKLAND & ELLIS LLP |
| | James H. Mutchnik, P.C. |
| GUNDERSON SHARP LLP | Daniel E. Laytin |
| David E. Sharp | Andrew P. Bautista |
| 712 Main, Suite 1400 | |

Houston, Texas 77002  
(713) 490-3822  
dsharp@midwest-law.com

300 N. LaSalle St.  
Chicago, IL 60654  
(312) 862-2000

*Attorneys for Defendants Navistar International Corporation and Navistar, Inc. f/k/a International Truck and Engine Corporation*

-AND-

NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

  s/ Francis DiGiovanni  
Francis DiGiovanni (#3189)  
M. Curt Lambert (#4882)  
The Nemours Building  
1007 North Orange Street  
P.O. Box 2207  
Wilmington, DE 19899  
(302) 658-9141  
frank.digiovanni@novakdruce.com  
curt.lambert@novakdruce.com

OF COUNSEL:

PERKINS COIE LLC  
Cori Gordon Moore  
Thomas L. Boede  
1201 Third Avenue Suite 4900  
Seattle, WA 98101

*Attorneys for Defendants PACCAR Inc., Kenworth Truck Company and Peterbilt Motors Company*

-AND-

POTTER ANDERSON & CORROON LLP

  s/ John A. Sensing  
Richard L. Horwitz (#2246)  
John A. Sensing (#5232)  
Hercules Plaza, 6th Floor  
1313 N. Market Street

Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
jsensing@potteranderson.com

OF COUNSEL:

HOGAN LOVELLS US LLP
J. Robert Robertson
Corey W. Roush
Benjamin F. Holt
Justin W. Bernick
Meghan C. Edwards-Ford
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600

*Attorneys for Defendants Daimler Trucks North America LLC (f/k/a Freightliner LLC)*

-AND-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  s/ Donald E. Reid
Donald E. Reid (#1058)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9219
dreid@mnat.com

OF COUNSEL:

BAKER BOTTS LLP
Joseph A. Ostoyich
Erik T. Koons
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 639-7700
joseph.ostoyich@bakerbotts.com
erik.koons@bakerbotts.com

*Attorneys for Defendant Eaton Corporation*

\