# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE CLASS 8 TRANSMISSION INDIRECT
PURCHASER ANTITRUST LITIGATION

Civil Action No. 11-cv-00009-SLR

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## TO SUBSTITUTE NEW CLASS REPRESENTATIVES

*OF COUNSEL:*

J. Robert Robertson
Corey W. Roush
Benjamin F. Holt
Justin W. Bernick
Meghan C. Edwards-Ford
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC  20004
Telephone: (202) 637-5600
Facsimile:  (202) 637-5910

Dated:  November 20, 2014

POTTER ANDERSON & CORROON LLP
    Richard L. Horwitz (#2246)
    John A. Sensing (#5232)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, Delaware  19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    jsensing@potteranderson.com

*Attorneys for Defendants Daimler Trucks*
*North America LLC (f/k/a Freightliner LLC)*

## TABLE OF CONTENTS

                                                                           **Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................3

       A.      Procedural History ................................................................................................3

       B.      The Current Named Plaintiffs ..............................................................................7

              1.      Premier Produce Co., Inc ..................................................................7

              2.      Joseph Williams ................................................................................7

       C.      The Proposed New Plaintiffs ................................................................................8

              1.      T.C. Construction Co .......................................................................8

              2.      Phillip E. Nix ....................................................................................8

ARGUMENT ........................................................................................................................9

       I.      PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE FOR THEIR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER AND AMENDMENT WOULD SIGNIFICANTLY PREJUDICE DEFENDANTS ....................................................................................................9

CONCLUSION ...................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cordance Corp. v. Amazon.com, Inc.*,
   255 F.R.D. 366 (D. Del. 2009) ..................................................................................................9

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
   252 F.3d 267 (3d Cir. 2001) ....................................................................................................10

*Eastern Minerals & Chemicals Co. v. Mahan*,
   225 F.3d 330 (3d Cir. 2000) ................................................................................................9, 10

*In re Integrated Health Servs., Inc.*,
   375 B.R. 730 (D. Del. 2007) ...................................................................................................10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ..................................................................................................10

*O'Brian v. Leegin Creative Leather Prods. Inc.*,
   277 P.3d 1062 (Kan. 2012) .......................................................................................................7

*O'Connell v. Hyatt Hotels of Puerto Rico*,
   357 F.3d 152 (1st Cir. 2004) ...................................................................................................11

*Pfizer Inc. v. Sandoz Inc.*,
   2013 WL 5934635 (D. Del. Nov. 4, 2013) ...............................................................................9

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
   614 F.3d 57 (3d Cir. 2010) ........................................................................................................9

*Roquette Freres v. SPI Pharma, Inc.*,
   2009 WL 1444835 (D. Del. May 21, 2009) .........................................................................9, 12

*Venetec Inter., Inc. v. Nexus Medical, LLC*,
   541 F. Supp. 2d 612 (D. Del. 2008) ........................................................................................10

**STATUTES AND RULES**

K.S.A. § 50-101 et seq. .................................................................................................................7

K.S.A § 60-514(c) .........................................................................................................................7

FED. R. CIV. P. 15(a) ........................................................................................1, 9, 10, 12

FED. R. CIV. P. 16 .................................................................................................... *passim*

## INTRODUCTION

The deadline to add new parties in this litigation was February 1, 2014.  Now, more than *nine months* later and nearly at the close of discovery, Plaintiffs' counsel filed a motion styled, "Plaintiffs' Motion for Leave to Withdraw Class Representatives and to Substitute New Class Representatives in their Place."  *See* D.I. 180.  Plaintiffs' motion ignores the Scheduling Order and instead seeks to amend the Third Amended Complaint.  If this motion is granted, the Court would essentially need to revise the Scheduling Order – for the fifth time – and allow Plaintiffs to amend their complaint – also for the fifth time – despite the deadline for adding new parties having long passed.  Plaintiffs' motion (hereinafter "Motion to Amend") is untimely and was not filed for good cause or with any reasonable diligence.  Defendants respectfully ask that the Motion to Amend be denied.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a party moving to modify or amend a Scheduling Order bears the burden of demonstrating "good cause" for the party's failure to comply with the Scheduling Order.  In this Circuit, the "good cause" inquiry asks whether the moving party was diligent in attempting to meet Court-imposed deadlines.  Plaintiffs' counsel offer no excuse for their failure to abide by the Court's Scheduling Order or to act diligently; as a result, Plaintiffs cannot overcome this threshold inquiry.

Even if Plaintiffs' counsel could establish "good cause" – which they cannot do here – their proposed amendments at this late stage would unduly prejudice Defendants under Rule 15(a) of the Federal Rules of Civil Procedure.  The fact discovery deadline is December 8, 2014.  Defendants have already taken nine depositions, with at least five more scheduled, and produced over 24,000 documents.  The additional cost, discovery, and preparation required if Plaintiffs' Motion to Amend is granted would significantly prejudice the Defendants, who fully intend to honor their discovery obligations by adhering to the agreed-upon schedule.

This disregard for the orderly administration of justice is particularly striking given the amount of time that Plaintiffs' counsel seem to have known of the issues that are driving the belated request to add two new named plaintiffs. Plaintiffs' counsel chose to narrow the proposed class to exclude their representative for the putative Kansas class. Their plan to narrow the proposed class is something that Plaintiffs' counsel presumably decided long before Sunday, November 2, 2014, the day before they filed their class certification motion. Nonetheless, they waited until only hours before filing their motion to certify the newly proposed class to notify Defendants that they wanted to withdraw Mr. Williams, one of the current named plaintiffs, and amend the Third Amended Complaint to add someone new, Mr. Phillip Nix. Moreover, Plaintiffs' counsel has known that Premier Produce Co., Inc. ("Premier Produce") planned to withdraw from this case since at least August 11, 2014 – and indeed knew at the time that the parties were before the Court on September 23, 2014 precisely for the purpose of negotiating a new schedule. Nevertheless, Plaintiffs essentially did nothing until filing the Motion to Amend on November 3, 2014.

While Plaintiffs are free to withdraw from the case, their counsel cannot simply add new parties, thereby amending the Third Amended Complaint. The deadline for adding additional parties was set as February 1, 2014, in the original Scheduling Order filed with the Court on February 7, 2013, in the related case *Wallach v. Eaton, Corp.*, 1:10-cv-00260-SLR, *see* D.I., 99, ¶ 3, and in this case on March 12, 2013. *See* D.I. 88. This deadline has remained unchanged, even as the governing Scheduling Order has been amended four times – all at the request of Plaintiffs' counsel, including as recently as October 27, 2014. Despite apparently knowing of problems regarding two of the named plaintiffs for months, Plaintiffs' counsel never mentioned

2

their desire to amend the date for adding parties or to amend the Third Amended Complaint despite negotiating several other revisions to the Scheduling Order.

The February 1, 2014 deadline has long passed.  As a result, Plaintiffs' counsel must prove their diligence in attempting to meet the Court-ordered deadline in order to justify again amending the Scheduling Order and the Third Amended Complaint.  They have not done so.  In fact, they provide no explanation for their delay.  Plaintiffs' counsel were not diligent in pursuing the amendments within the time allotted in the Scheduling Order or in pursuing the amendments as soon as practicable after February 1, 2014.  Further, yet another amendment to the Third Amended Complaint at this late stage would unduly prejudice Defendants.  Accordingly, their belated Motion to Amend should be denied.

## BACKGROUND

### A.   Procedural History

The original Complaint in this action was filed October 4, 2010, in the United States District Court of Kansas.  *See* D.I. 1 ("Compl.") ¶¶ 9, 10.  On January 4, 2011, the case was transferred to this Court.  *See* D.I. 17.  Plaintiffs subsequently filed an Amended Complaint on February 4, 2011.  *See* D.I. 34 ("Am. Compl.")  ¶¶ 9-10.  Defendants then moved to dismiss all claims on various grounds.  Following resolution of Defendants' motion to dismiss, Plaintiffs filed a Second Amended Complaint on November 30, 2012.  *See* D.I. 68 ("Second Am. Compl.") ¶¶ 9-18.  On January 15, 2013, Plaintiffs filed yet another amended complaint – their fourth attempt.  *See* D.I. 73 ("Third Am. Compl.") ¶¶ 9-18.

February 1, 2014 has been the deadline to join additional parties or amend the pleadings since the first Scheduling Order was proposed and issued.  *See* Proposed Scheduling Order, March 12, 2013 (D.I. 86), at 5, attached hereto as Ex. A.  A scheduling conference was held on March 13, 2013.  At that conference, the parties presented arguments in support of their proposed

deadlines, and the Court issued an order that included the February 1, 2014, deadline for joining any new parties or amending the pleadings. *See* Scheduling Order, March 13, 2013 (D.I. 88), attached hereto as Ex. B.

On October 23, 2013, at the request of Plaintiffs' counsel, the parties jointly moved to enter a Stipulated Proposed Amended Scheduling Order. *See* Stipulated Proposed Amended Scheduling Order, October 23, 2013 (D.I. 112), attached hereto as Ex. C. The joint motion, which the Court granted on October 23, 2013, again included the February 1, 2014, cut-off date for joining additional parties. *See* Order Granting Motion for Stipulated Proposed Amended Scheduling Order, attached hereto as Ex. D. At no point in the discussions leading up to the October 23, 2013 motion did Plaintiffs' counsel raise with Defendants the possibility of extending the deadline to join new parties. *See* Decl. of C. Roush, filed contemporaneously herewith, at 4.

Six months later, on April 17, 2014, again at the request of Plaintiffs' counsel, the parties jointly moved to enter a Stipulated Proposed Second Amended Scheduling Order. *See* Stipulated Proposed Second Amended Scheduling Order, April 17, 2014 (D.I. 128), attached hereto as Ex. E. On May 12, 2014, the Court held a second scheduling conference and adopted the parties' Second Amended Scheduling Order. *See* Second Amended Scheduling Order, May 19, 2014, attached hereto as Ex. F. There was no amendment to the February 1, 2014 deadline, which had already passed. And at no point in the discussions leading up to the April 17, 2014 motion did Plaintiffs' counsel raise the possibility of creating a new deadline to join new parties. *See* Decl. of C. Roush at 5.

Four months later, on August 11, 2014, again at Plaintiffs' request, the parties jointly moved to enter another stipulated proposed amended Scheduling Order. *See* Stipulation and

Proposed Order regarding Class Certification Briefing, August 11, 2014 (D.I. 145), attached hereto as Ex. G.  The next day the Court adopted the parties' Stipulation.  *See* Scheduling Order, August 12, 2014, attached hereto as Ex. H.  There again was no amendment to the expired February 1, 2014 deadline.  At no point in the discussions leading up to the August 11, 2014 stipulation did Plaintiffs' counsel raise the possibility of creating a new deadline to join new parties.  *See* Decl. of C. Roush at 6.

The same day that the joint proposed Stipulation was filed, August 11, 2014, Lee Albert, counsel for Plaintiffs, conferred with Catherine Simonsen, counsel for PACCAR, regarding the fact that Premier Produce had not filed any responses to the interrogatory requests that were submitted to it.  *See* Decl. of C. Simonsen, filed contemporaneously herewith, at 5.  On that call, Mr. Albert indicated that Premier Produce no longer wanted to participate as a named plaintiff.  *Id.*  On August 22, 2014, Ms. Simonsen sent an email to Plaintiffs' counsel regarding the delayed interrogatory responses.  In that email, she noted "if circumstances change such that Premier Produce Co., Inc. does not withdraw as a named plaintiff from this litigation, we expect its prompt responses to the interrogatories issued to it . . . ."  *Id.* at 6.  Plaintiffs' counsel did not take any steps to withdraw Premier Produce at that time or to move to add T.C. Construction Co. ("T.C. Construction").

In September 2014, Plaintiffs' counsel again requested an amendment to the Scheduling Order.  Defendants did not agree to the proposed change, and on September 23, 2014, the Court heard arguments regarding Plaintiffs' proposed changes to the Scheduling Order.  Following that discovery conference, the parties negotiated a revised Scheduling Order consistent with the Court's instructions.  The Proposed Amended Scheduling Order was submitted to the Court on October 27, 2014, and adopted on October 31, 2014.  *See* Stipulation and Proposed Amended

5

Scheduling Order, October 27, 2014 (D.I. 177), attached hereto as Ex. I; Order Granting Stipulation and Proposed Amended Scheduling Order, October 31, 2014 (D.I. 179), attached hereto as Ex. J.  At no point during the September and early October 2014 discussions or at the discovery conference did Plaintiffs' counsel mention their desire to reopen the expired February 1, 2014 deadline.

On October 23, 2014, Mr. Albert sent an email advising Defendants that Plaintiffs' counsel wished to withdraw Premier Produce as a named plaintiff and notifying Defendants for the first time that Plaintiffs wanted to amend the Third Amended Complaint by adding only T.C. Construction as an additional Plaintiff.  Decl. of C. Simonsen at 9; Decl. of C. Roush at 7.  On October 28, 2014, Defendants indicated that they opposed the request to amend the Scheduling Order and the Third Amended Complaint.  Decl. of C. Roush at 8.

Plaintiffs' counsel eventually filed the instant motion on November 3, 2014, nine months after the deadline to join parties, and on the same date that they filed their motion for class certification.  The afternoon before on Sunday, November 2, 2014, Plaintiffs' counsel sent an email mentioning for the first time that they also wished to withdraw Joseph Williams and amend the Scheduling Order to add Phillip Nix as a plaintiff to the Third Amended Complaint.  *Id.* at 9.  On November 3, 2014, Defendants again indicated that they opposed the request to amend the Scheduling Order and the Third Amended Complaint.  *Id.* at 10.

Fact discovery closes on December 8, 2014, a date mutually determined by the parties and approved by the Court on May 19, 2014.  Defendants fully intend to comply with that deadline and have worked diligently over the last several months to do so.  Although Plaintiffs' counsel claim that their proposed amendment to the schedule will not delay discovery, they have not met their promised deadlines for providing discovery responses for their proposed new

6

plaintiffs, and have yet to provide interrogatory responses on behalf of T.C. Construction Co. *See* Decl. of C. Roush at 11-13; Decl. of C. Simonsen at 9-13.

### B. The Current Named Plaintiffs

#### 1. Premier Produce Co., Inc.

Premier Produce has served as the class representative for the putative California class since February 4, 2011, when the Amended Complaint was filed. *See* Am. Compl. ¶ 12. To explain Premier Produce's withdrawal from this case, Plaintiffs' counsel states only that Premier Produce "is no longer able to participate in this action." *See* Motion to Amend at 1. In August, Plaintiffs' counsel indicated that Premier Produce no longer wished to participate. These terse statements are somewhat contradictory and do not provide any details or the date when counsel first knew that Premier Produce wished to withdraw. They also do not explain why Plaintiffs' counsel was unable to reach this conclusion before the Scheduling Order deadline or at least diligently seek to remove Premier Produce when counsel first learned that Premier Produce was either unwilling or unable to participate.

#### 2. Joseph Williams

Joseph Williams, who joined the proceedings with the Second Amended Complaint, was written out of the proposed class by Plaintiffs' counsel in their Class Certification Brief.[1] Plaintiffs' counsel made the decision to narrow the class by excluding used truck purchasers entirely on their own. Plaintiffs' counsel alerted Defendants to this proposed change only hours before the Class Certification Brief was filed even though they clearly knew before that time that

---

[1] Notably, given that Mr. Williams does not have standing to represent the putative Kansas class of new truck purchasers, the three-year statute of limitations period for bringing antitrust claims under Kansas law may not have been tolled in this case. *See O'Brian v. Leegin Creative Leather Prods. Inc.*, 277 P.3d 1062, 1086 (Kan. 2012) (applying three-year statute of limitations period under K.S.A § 60-514(c) to actions brought under the Kansas Restraint of Trade Act, K.S.A. § 50-101 *et seq.*).

7

they would be changing their proposed class definition.  *See* Decl. of C. Roush at 9.  Plaintiffs' counsel provide no explanation as to: (a) when they decided to narrow the class definition; (b) why they did not narrow the class prior to the February 1, 2014 deadline; or (c) why they did not move to withdraw Joseph Williams and amend the Scheduling Order and Third Amended Complaint by adding Phillip Nix immediately after making the decision to change the proposed class definition.

### C. The Proposed New Plaintiffs

#### 1. T.C. Construction Co.

Plaintiffs' counsel first informed Defendants of their intention to substitute T.C. Construction as a new plaintiff on October 23, 2014.  *See* Decl. of C. Roush at 7-8.  At that point, Plaintiffs' counsel promised to provide T.C. Construction's Response to the Defendants' Request for Production and Answers to Interrogatories by October 31, 2014.  *Id.*  Plaintiffs' counsel then indicated that Defendants would receive T.C. Construction's interrogatory responses and documents by the week of November 17, 2014.  *See* Decl. of C. Simonsen at 11.  On November 20, 2014, Defendants received a production from Plaintiffs' counsel purporting to be "documents pertaining to the transactions of T.C. Construction Co."  *See* Decl. of C. Simonsen at 12.  Defendants have yet to receive any documentation in response to the interrogatories on behalf of T.C. Construction.

#### 2. Phillip E. Nix

Plaintiffs' counsel first sought Defendants' consent to add Mr. Nix as a new plaintiff on November 2, 2014.  *See* Decl. of C. Roush at 9.  Defendants objected given that the request came nine months after the Scheduling Order deadline.  *Id.* at 11.  Plaintiffs' counsel first promised to provide Mr. Nix's discovery responses by the week of November 10, 2014.  *Id.*  However,

Defendants did not receive interrogatory responses or documents on behalf of Mr. Nix until November 19, 2014.  *Id.* at 13.

## ARGUMENT

**I.     PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE FOR THEIR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER, AND AMENDMENT WOULD SIGNIFICANTLY PREJUDICE DEFENDANTS**

Plaintiffs provide no explanation for their untimely Motion to Amend.  In fact, Plaintiffs' counsel essentially ignore the legal standard in their Motion – implicit acknowledgement that they cannot establish good cause for their failure to meet the long-expired February 1, 2014 deadline to add new plaintiffs or to at least act diligently when they first learned of the problems with Premier Produce and Mr. Williams.

Federal Rule of Civil Procedure 16(b) governs the amendment of scheduling orders, and Rule 15(a) governs the amendment of pleadings.  In this case, both rules apply because Plaintiffs seek to amend the Scheduling Order and the Third Amended Complaint.  In this Circuit, motions, "which in effect, operate to change the scheduling order, are controlled by Rule 16(b)." *Roquette Freres v. SPI Pharma, Inc.,* 2009 WL 1444835, at *4 (D. Del. May 21, 2009) (citing *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340, n.18 (3d Cir. 2000)).  Thus, the good cause analysis under Rule 16(b) serves a gatekeeping function, and if the Court finds that there is no good cause, then neither the Scheduling Order nor the Third Amended Complaint should be amended.  *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009).

"In order to satisfy the good cause requirement of Rule 16(b), the movant must demonstrate that, despite diligence, the amendment could not have been reasonably sought in a timely manner."  *Pfizer Inc. v. Sandoz Inc.*, 2013 WL 5934635, at *2 (D. Del. Nov. 4, 2013); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)*; see also* Fed. R. Civ. P. 16, Advisory Committee Note (1983) (stating that "the court may modify the schedule

9

on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"). As the Ninth Circuit has explained:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citations omitted).

Although Rule 15(a), unlike Rule 16(b), contemplates the prejudice caused by a proposed amendment, the 15(a) analysis regarding prejudice only comes into play if the good cause standard of 16(b) is met first. Thus, when a moving party fails to carry its burden to demonstrate good cause under 16(b), the Court should deny leave to amend even in the absence of any prejudice. *Venetec Inter., Inc. v. Nexus Medical, LLC*, 541 F. Supp. 2d 612, 622 (D. Del. 2008) (noting that the movant seeks "relief from a due date to which it agreed and for which it never notified the court of a need to modify before its passing"); *accord Eastern Minerals*, 225 F.3d at 340 (affirming district court's denial of motion to amend under Rule 16(a) where that court "concluded that it need not examine [the movant's] Rule 15(a) argument").

If the moving party carries its burden under Rule 16(b), the Court then must determine whether the amendment will prejudice the opposing party under Rule 15(a). *In re Integrated Health Servs., Inc.*, 375 B.R. 730, 735 (D. Del. 2007). The prejudice analysis considers the burden on the non-moving party, including "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Plaintiffs' counsel cite neither Federal Rule of Civil Procedure 15(a) nor 16(b) in their Motion to Amend. Instead, Plaintiffs' counsel include only a discussion of the Court's authority

to add plaintiffs to ensure adequate class representation when entering a class certification order. *See* Motion to Amend at 3.  This ignores the threshold issue of whether Plaintiffs have met Rule 16(b)'s stringent "good cause" standard.  They have not.

Two of the named Plaintiffs have chosen to withdraw from the case.  As much as Plaintiffs' counsel would like to merely replace them, counsel cannot do so without meeting Rule 16(b)'s standard.  "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'"  *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (quoting Fed. R. Civ. P. 16, Advisory Committee Note (1983)).  That date in this case has been February 1, 2014 for over a year and a half.

Plaintiffs' counsel fail to offer any excuse, let alone good cause, as to why this Court should jettison the Scheduling Order and ignore their lack of diligence in not abiding by it.  The most recent revision to the Scheduling Order came after the parties were before this Court on September 23, 2014, with Plaintiffs' counsel seeking and being granted changes to the Scheduling Order.  Even at that late date and despite clearly knowing of at least one of the named Plaintiff's desire to withdraw, Plaintiffs' counsel did not raise the possibility of moving to amend the date for adding parties or for amending the Third Amended Complaint.  Because counsel clearly sat on this information, they cannot establish reasonable diligence in attempting to meet the Court-ordered deadline or to act as promptly as practicable once that deadline had passed.

Plaintiffs' counsel offer no explanation for their failure to investigate and identify any barriers to Premier Produce remaining a plaintiff in this case before the February 1, 2014 deadline.  Further, Plaintiffs' counsel fail to provide the date or circumstances that first led them

to conclude that Premier Produce had chosen to withdraw or was likely to withdraw from this action. Plaintiffs' counsel first alerted Defendants to the fact that Premier Produce might withdraw in August 2014, but took no action until filing the present motion, over two months later. They also make no effort to detail their efforts to identify alternative plaintiffs prior to the February 1, 2014 deadline, or following Premier Produce's decision to withdraw (whenever that might have been). Instead, Plaintiffs' counsel seek the Court's leave to amend the Scheduling Order and Third Amended Complaint without attempting to show good cause.

Mr. Williams, in turn, was edited out of the proposed class by Plaintiffs' counsel in their Class Certification brief. Plaintiffs' counsel made the decision entirely on their own and informed Defendants of their decision only hours before filing their Class Certification brief. Plaintiffs' counsel offer no explanation for their decision to wait until nine months after the Scheduling Order deadline to modify the class, nor do they explain when they knew the proposed class definition would change. There is no reason that Plaintiffs' counsel could not have narrowed the proposed class before the February 1, 2014 deadline. Moreover, they clearly knew before November 2, 2014 that they intended to change the proposed class definition and made no effort to identify an alternative plaintiff once they knew that Mr. Williams was no longer a suitable class representative. Plaintiffs were not diligent in seeking to meet the Scheduling Order deadline or in moving to amend the Scheduling Order and the Third Amended Complaint.

Rule 16(b)'s "good cause standard hinges on the diligence of the movant." *Roquette Freres*, 2009 WL 1444835, at \*4. Plaintiffs' counsel fail to establish that their more than nine-month delay in seeking this amendment could not have been avoided through an exercise of greater diligence and refuse to acknowledge that their own choices have led them to this point. Further, even if the Court turns to the Rule 15(a) analysis, the Motion to Amend should be

12

denied. This attempt amend the pleadings for a fourth time will prejudice Defendants by requiring additional discovery, cost, and investigation of the facts underlying the two new plaintiffs' claims just weeks before the close of fact discovery. Defendants respectfully request that the Motion to Amend be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion to Amend be denied.

*OF COUNSEL:*

J. Robert Robertson
Corey W. Roush
Benjamin F. Holt
Justin W. Bernick
Meghan C. Edwards-Ford
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600

POTTER ANDERSON & CORROON LLP

By: /s/ John A. Sensing
　　Richard L. Horwitz (#2246)
　　John A. Sensing (#5232)
　　Hercules Plaza, 6th Floor
　　1313 North Market Street
　　Wilmington, Delaware 19801
　　(302) 984-6000
　　rhorwitz@potteranderson.com
　　jsensing@potteranderson.com

*Attorneys for Defendants Daimler Trucks North America LLC (f/k/a Freightliner LLC)*

*OF COUNSEL:*

Erik T. Koons
Joseph A. Ostoyich
William C. Lavery
Julie B. Rubenstein
Baker Botts LLP
Suite 1250
1299 Pennsylvania Avenue, NW
Washington, DC 20004

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: /s/ Donald E. Reid
　　Donald E. Reid (#1058)
　　1201 North Market Street
　　P. O. Box 1347
　　Wilmington, DE 19899
　　dreid@mnat.com

*Attorneys for Defendant Eaton Corporation*

13

Case 1:11-cv-00009-ER   Document 204   Filed 11/20/14   Page 17 of 18 PageID #: 2324

| | |
|---|---|
| *OF COUNSEL:*<br>Cori Gordon Moore<br>Thomas L. Boeder<br>Eric J. Weiss<br>Catherine S. Simonsen<br>PERKINS COIE LLC<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101<br>(206) 359-8000 | NOVAK DRUCE CONNOLLY BOVE & QUIGG LLP<br><br>By:   */s/ James D. Heisman*<br>     James D. Heisman (#2746)<br>     The Nemours Building, 9th Floor<br>     1007 North Orange Street<br>     P. O. Box 2207<br>     Wilmington, DE  19899<br>     james.heisman@novakdruce.com<br><br>*Attorneys for Defendants Kenworth Truck Co., Paccar Inc. and Peterbilt Motors Company* |
| *OF COUNSEL:*<br><br>Daniel J. Boland<br>Jeremy Heep<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA  19103 | PEPPER HAMILTON LLP<br><br>By:   */s/ James H.S. Levine*<br>     M. Duncan Grant (#2994)<br>     James H.S. Levine (#5355)<br>     1313 North Market Street, Suite 5100<br>     P. O. Box 1709<br>     Wilmington, DE  19899-1709<br>     grantm@pepperlaw.com<br>     levinejh@pepperlaw.com<br><br>*Attorneys for Defendants Mack Trucks Inc. and Volvo Trucks North America* |
| *OF COUNSEL:*<br><br>James H. Mutchnik<br>Daniel E. Laytin<br>Scott M. Edenfield<br>Jennifer Cowen<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL  60654<br><br><br><br><br>Dated:  November 20, 2014<br>[1172867 / 35577] | RICHARDS, LAYTON & FINGER, PA<br><br>By:   */s/ Kelly E. Farnan*<br>     Lisa A. Schmidt (#3019)<br>     Kelly E. Farnan (#4395)<br>     One Rodney Square<br>     920 N. King Street<br>     Wilmington, DE  19801<br>     schmidt@rlf.com<br>     farnan@rlf.com<br><br>*Attorneys for Defendants Navistar International Corporation and Navistar, Inc. f/k/a International Truck and Engine Corporation* |

14

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I hereby certify that on the 20th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record registered with the CM/ECF system.

       */s/ John A. Sensing*
Richard L. Horwitz (#2246)
John A. Sensing (#5232)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware  19801
(302) 984-6000
rhorwitz@potteranderson.com
jsensing@potteranderson.com

[1172867 / 35577]