## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CLASS 8 TRANSMISSION INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 11-009-SLR |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO SUBSTITUTE CLASS REPRESENTATIVES IN THE CALIFORNIA AND KANSAS CLASSES

Indirect Plaintiffs' Motion to Substitute [Dkt. No. 180] is proper and made for good cause. A motion to add a class representative should be granted where the proposed new plaintiff is a member of the class and seeks the same relief for all the reasons offered by the original plaintiffs. *Rogers v. Paul*, 382 U.S. 198, 198-99 (1965). Courts within the Third Circuit have permitted either substitution or addition of a new class representative. *See, eg. In re Wellbutrin XL Antitrust Litigation*, 282 F.R.D. 126, 139 (E.D. Pa. 2011) (*citing the Manual for Complex Litigation (Fourth)* § 21.26, "[C]ourts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. The Court may permit intervention by a new representative or may simply designate that person as class representative in the order granting class certification.").[1] The parties' own stipulated Scheduling Orders also contemplate this: paragraph 11 the Scheduling Orders entered March 11, 2013 [Dkt. No. 88] and October 28, 2013 [Dkt. No. 112] provide that "[a]ny party may, upon a showing of good cause, move for or otherwise request amendment of this Scheduling Order" including any deadlines therein.

---

[1] While plaintiffs do not believe there is a need to amend the Class Action Complaint naming the two new class representatives (*see Telectronics Pacing Sys., Inc. v. Accufix Atrial "J" Leads Prods. Liab. Litig.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (court named substitute new class representative without formal intervention joinder), they are prepared to do so if this Court requires that the indirect plaintiffs file an amended complaint formally naming the new plaintiffs as parties.

None of the arguments made in defendants' opposition brief address the case law which permit plaintiffs to make the substitution of these class representatives. Additionally, defendants have not demonstrated how they would be unfairly prejudiced with the substitution of these two class representatives. Defendants have always been aware that plaintiffs were asserting statewide California and Kansas Classes, in addition to the other statewide classes asserted by plaintiffs. Nothing will change with these substitutions.

Based upon the law and facts as presented, this Court should permit Joseph Williams to withdraw as a Class plaintiff and that Phillip E. Nix substitute in his place for the Kansas Class; and that this Court should permit Premier Produce, Inc. to withdraw as a Class plaintiff and that T.C. Construction Co., Inc. substitute in its place for the California Class.[2]

### A.  Plaintiffs' Proposed Substitution is Also Proper Under Rule 21, Which Authorizes a Court to Add A Party at Any Time

Defendants' chief concern is that the Scheduling Order in this case provides that a new party must be joined no later than February 14, 2014. This is better addressed by Fed. R. Civ. P. 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Unlike the cases cited by Defendants regarding modifications to the schedule, under Rule 16 (b), indirect plaintiffs do not seek to modify their claims. [3] Court's "routine[ly]

---

[2]  Defendants have now been served with relevant documents and interrogatory responses of Phillip E. Nix and T.C. Construction Co., Inc. ("T.C."). Depositions of Nix and T.C. are scheduled for December 3 and 4, 2014. The final indirect plaintiff's deposition in this case is not scheduled until December 5, 2014, so the Nix and T.C. depositions are not untimely.

[3]  The cases cited in defendant's brief, *Pfizer Inc. v. Sandoz Inc.*, C.A. No. 12–654–GMS/MPT, 2013 WL 5934635 (D. Del. Nov. 4, 2013); *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06–540–GMS, 2009 WL 1444835 (D. Del. May 21, 2009); and *Venetec Inter., Inc. v. Nexus Medical, LLC*, 541 F. Supp. 2d 612 (D. Del. 2008) are all non-class action patent cases where the parties sought to amend their pleading substantively with new claims such as Inequitable Conduct and False Marking. Here the indirect plaintiffs merely seek to add two new plaintiffs to substitute for

permit substitution of a class representative even where the class is already been certified. *Phillips v. Ford Motor Co.*, 435 F. 3d 785, 787 (7th Cir. 2006). Indeed, when the claims of a class representative fail for some reason, courts, as noted above "generally allow class counsel time to make reasonable efforts to recruit and identify a new representative." *Manual for Complex Litigation* (Fourth) §21.26. Here, Indirect Plaintiffs ask to substitute *before* there has been any pending ruling on the certification of the classes at issue, *before* Defendants have responded to Plaintiffs' motion, and even *before* defendants have completed taking the depositions of all of the other indirect plaintiffs. Citing § 21.26, the Court in *In re Wellbutrin XL Antitrust Litig.*, 282 F.R.D. 126, 139 (E.D. Pa. 2011) noted, as to the inclusion of a new class representative that it "may permit intervention by a new representative or may simply designate that person as a class representative in the order granting certification."

Rule 21 can be used by a court to remove or add plaintiffs. *Apple Computer, Inc. v. Unova, Inc.*, No. Civ. A. 03–101–JJF, 2003 WL 22928034 (D. Del. Nov. 25, 2013) ("Rule 21, in relevant part, holds that '[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just'"). The provisions of Rule 21 also correspond to the provisions in paragraph 11 the Scheduling Orders entered March 11, 2013 [Dkt. No. 88] and October 28, 2013 [Dkt. No. 112] which provides that "[a]ny party may, upon a showing of good cause, move for or otherwise request amendment of this Scheduling Order". Accordingly, the Court has the ability to substitute plaintiffs here.

---

the withdrawing Kansas and California plaintiffs. There are no substantive changes to the complaint. Defendants had already been defending the identical claims.

**B.  Good Cause Exists And There Is No Unfair Prejudice To Defendants**

Plaintiffs have diligently pursued these substitutions. Thus, even if the nominal changes implicate the Court's scheduling order, Plaintiffs can establish good cause to amend the complaint, if amendment is what is required. In *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366 (D. Del. Feb. 18, 2009), cited in Defendants' Brief, as well as *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, 796 F. Supp. 2d 520 (D. Del. Jul. 1, 2011), good cause to amend was found, despite the modification to the scheduling order. In both *Cordance* and *Stored Value Solutions* the Courts permitted the amendment of new claims. In this case indirect plaintiffs merely seek the addition of two new parties in place of the California and Kansas plaintiffs.

In determining the existence of good cause, Courts may consider whether the party sought relief in a diligent and timely manner. *Stored Value Solutions* at 542. "The decision to permit amendments rests squarely with the discretion of the Court." *Id.* Plaintiffs seek to substitute two plaintiffs. By August 2014, counsel for plaintiffs learned that it was likely that the California plaintiff Premier Produce Co., Inc. no longer desired to participate as a class representative. *See* Decl. of Lee Albert at ¶ 2. On approximately August 11, 2014, counsel for Defendant PACCAR was advised of that fact and that plaintiffs were seeking a replacement plaintiff for the California Class *Id.* No depositions of any of the plaintiffs had yet been noticed by defendants. T.C. Construction Co., Inc. agreed to provide documents to plaintiffs' counsel in order to determine whether it had standing in place of Premier Produce. *Id.* at ¶ 4. On October 23, 2014, counsel for plaintiffs provided an email that they were intending to file a motion to withdraw Premier Produce and their intent on substituting T.C. Construction, a California Corporation, as Plaintiff for the California Class. *Id.* at ¶ 5. Subsequently, on October 28, 2014

plaintiffs' counsel was informed that there was no objection to the withdrawal of Premier Produce, but they did oppose the addition of TC Construction. *Id.*

During the preparation of the Class Certification brief counsel for indirect plaintiffs determined that the class should have to be redefined to include only new truck purchasers. Although Kansas Plaintiff Joseph Williams was a member of the class as originally defined, he was not a member of the redefined class. *See* Decl. of David Sharp at ¶ 2. Subsequently, counsel for plaintiffs learned that Phillip E. Nix had standing to replace the Williams and he agreed to act as a Class Representative for the Kansas Class. *Id.* at ¶ 3. On November 2, 2014, counsel for plaintiffs provided an email that they were intending to file a motion to withdraw Joseph Williams and their intending to substitute Phillip E. Nix, a Kansas individual as Plaintiff for the Kansas Class. *Id.* at ¶ 4. That same email advised that Mr. Nix would make himself available for a deposition on the same day that Mr. Williams deposition had been scheduled. *Id.* Subsequently, on November 3, 2014 plaintiffs' counsel was informed that there was no objection to the withdrawal of Joseph Williams, but Defendants did oppose the addition of Phillip E. Nix. *Id.*.

At the time of the filing of the Class Certification Motion and Motion to Withdraw plaintiffs and to Substitute New Plaintiffs on November 3, 2014, only one of the Indirect Plaintiffs had been deposed. *Id.* at ¶ 5. On November 19th documents responsive to prior requests to plaintiffs pertaining to Phillip E. Nix, along with Answers to Interrogatories of Mr. Nix were provided to counsel for defendants. *Id.* at ¶ 6. Additional documents of Mr. Nix were provided on November 26, 2014. *Id.* Documents pertaining to T.C. Construction were provided to Defendants on November 20, 2014 and Answers to Interrogatories of T.C. Construction were provided on November 21, 2014. *Id.;* Declar. of Lee Albert at ¶ 7. The Deposition of Phillip E. Nix is scheduled for December 4, 2014 and the 30(b)(6) deposition of T.C. Construction is

scheduled for December 3, 2014. After these two depositions there is one more Indirect Plaintiff deposition which had been scheduled for December 5, 2014. Declar. of David Sharp at ¶ 7; Declar. of Lee Albert at ¶ 8.

Plaintiffs have been diligent in finding and naming replacement plaintiffs for the two withdrawing plaintiffs. Plaintiffs have been diligent in scheduling the depositions of the new class representatives in a timely manner and in providing their records and Answers to Interrogatories so that defendants would be well prepared for the depositions. There can be no unfair prejudice under these circumstances. Defendants have the records and interrogatory responses well within sufficient time to take their depositions. Plaintiffs have sought to substitute an individual for the individual Kansas Plaintiff and a business for the California business plaintiff. Those identical claims are the claims Defendants were already defending. The only potential prejudice here would be to absent class members in Kansas and California if plaintiffs are not permitted to substitute. If Mr. Nix and T.C. Construction, part of the class of indirect purchasers of Kansas and California respectively, were not permitted to substitute, the absent class members from those state would find out at the last minute that they no longer had a stake in the case.

## <u>CONCLUSION</u>

Plaintiffs diligently pursued the requested additions, and it will cause no delay or unfair prejudice. For all of the foregoing reasons, Plaintiffs respectfully request leave to add Phillip E. Nix as Class Representative of the Kansas Class and T.C. Construction, Inc., as representative of the California Class, and will, if the Court deems it appropriate, file an Amended Complaint adding them as Plaintiffs in the case.

Dated: December 1, 2014

Respectfully Submitted,
BIFFERATO LLC
*/s/ Thomas F. Driscoll III*
Ian Connor Bifferato (#3273)
Thomas F. Driscoll III (#4703)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Telephone: (302) 225-7600
Facsimile: (302) 254-5383
cbifferato@bifferato.com
tdriscoll@bifferato.com
*Liaison Counsel for Plaintiffs*

GLANCY BINKOW & GOLDBERG LLP
Brian P. Murray
Lee Albert
Gregory B. Linkh
122 E. 42nd Street
New York, New York 10168
Telephone: (212) 682-5340
bmurray@glancylaw.com
lalbert@glancylaw.com
glinkh@glancylaw.com

GUNDERSON SHARP LLP
Joseph R. Gunderson
21 E. Walnut Street, Suite 300
Des Moines, IA 50309
Telephone: (515) 288-0219
Facsimile (515) 288-0328
jgunderson@midwest-law.com

GUNDERSON SHARP LLP
David E. Sharp
712 Main Street, Ste. 1400
Houston, TX 77002
Telephone: (713) 490-3822
Facsimile: (713) 583-5448
dsharp@midwest-law.com

STUEVE, SIEGEL AND HANSON LLP
Jason S. Hartley
Jason M. Lindner
550 West C. Street, Suite 1750
San Diego, CA 92101
Telephone: (619) 400-5822

GOLDMAN   SCARLATO   AND   PENNY
LLP
Brian Penny
Douglas Bench Jr.
101 E. Lancaster Ave., Suite 204
Wayne, PA 19087
Tel: (484) 342-0700
Fax: (484) 580-8729

KARON LLC
Daniel R. Karon
700 W. Saint Clair Ave.
Cleveland, OH 44113
Phone: (216) 551-9175
Fax: (216) 241-8175

*Counsel for Indirect Plaintiffs*